KAB

WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Willard Edward Davis, Jr. ,
Plaintiff,
v.
Ryan Thornell, et al.,
Defendants.

No. CV-25-00054-PHX-JAT (JFM)

**ORDER**

On January 8, 2025, Plaintiff Willard Edward Davis, Jr., who is confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a May 15, 2025 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On May 30, 2025, Plaintiff filed a First Amended Complaint. In a September 23, 2025 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On October 22, 2025, Plaintiff filed a Second Amended Complaint. Before the Court screened the Second Amended Complaint, Plaintiff filed a Third Amended

Complaint (Doc. 26).[1] The Court will order Defendants Thornell and John Doe 1 to answer the Third Amended Complaint and will dismiss Defendant John Doe 2 without prejudice.

**I. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

---

[1] Because Plaintiff filed his Third Amended Complaint prior to screening of the Second Amended Complaint, the Third Amended Complaint is the operative complaint and the Court will treat the Second Amended Complaint as nonexistent. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II. Third Amended Complaint**

In his Third Amended Complaint, Plaintiff alleges that on December 7, 2025, a prisoner designated as a seriously mentally ill (SMI) prisoner in the general population entered Plaintiff's cell and assaulted him resulting in serious injuries of a split right ear and split open scalp that required surgery. Plaintiff alleges that as a SMI sex offender, he was threatened by SMI general population prisoners, but although he repeatedly requested protected segregation from SMI general population prisoners and despite a previous assault in November 2024, Defendant Thornell refused to place Plaintiff in protective segregation. Plaintiff alleges that, on December 7, 2025, John Doe 1, the Deputy Warden of Rast Unit, saw the SMI general population prisoner who assaulted Plaintiff enter Plaintiff's cell and assault him, but John Doe 1 failed to protect Plaintiff.

**III. Failure to State a Claim**

In the caption of his Third Amended Complaint, Plaintiff listed John Doe 2 as a Defendant, but, in the substance of his Third Amended Complaint, he crossed out John Doe 2's name on the list of Defendants and did not include any allegations against John Doe 2. Accordingly, Plaintiff fails to state a claim upon which relief may be granted against John Doe 2 and John Doe 2 will be dismissed from this action without prejudice.

**IV. Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff states Eighth Amendment failure-to-protect claims against Defendants Thornell and John Doe 1 based on his allegations that John Doe I witnessed the December 7, 2025 assault and failed to protect Plaintiff and that Thornell was aware of a serious threat to Plaintiff, but denied Plaintiff's requests for protective segregation.

Although Plaintiff has stated a claim against Defendant John Doe 1, the Court will not require service on Defendant John Doe 1 at this time because it is, in most instances, it is impossible for the United States Marshal or his designee to serve a summons and complaint upon an anonymous defendant. However, the Court will not dismiss the claim against Defendant John Doe 1 at this time.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The Court will allow Plaintiff 120 days in which to discover the actual name of Defendant John Doe 1, through subpoena or otherwise, and to substitute the Defendant's actual name by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163. The Court may dismiss without prejudice Defendant John Doe 1 if Plaintiff fails to timely file a notice of substitution, unless Plaintiff seeks and is granted an extension of time.[2]

**V. Plaintiff's Motion to Waive or Modify Filing Fee Due to Financial Hardship**

In his Motion, Plaintiff asserts that due to financial hardship, he requests that the filing fee be waived or reduced to 5 percent rather than 20 percent. Title 28 U.S.C. § 1915(b)(1) states:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.

---

[2] Plaintiff's Motion for Clarification, which applies to a prior Complaint, will be denied as moot.

Title 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to waive the payment of Plaintiff's filing fee, or to postpone or reduce the filing fee. Plaintiff and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915. Accordingly, Plaintiff's Motion will be denied.

## VI. Warnings

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Because Plaintiff is currently confined in an Arizona Department of Corrections, Rehabilitation & Reentry Complex or Private Facility subject to General Order 23-19, Plaintiff can comply with Federal Rule of Civil Procedure 5(d) by including, with every document Plaintiff files, a certificate of service stating that this case is subject to General Order 23-19 and indicating the date the document was delivered to prison officials for filing with the Court. Plaintiff is not required serve Defendants with copies of every document or provide an additional copy of every document for the Court's use.

If Plaintiff is transferred to a facility other than one subject to General Order 23-19, Plaintiff will be required to: (a) serve Defendants, or counsel if an appearance has been entered, a copy of every document Plaintiff files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by

the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendant John Doe 2 is **dismissed** without prejudice.

(2) Within 120 days from the filing date of this Order, Plaintiff must file a "Notice of Substitution," substituting Defendant John Doe 1's actual name. The Court may dismiss without prejudice Defendant John Doe 1 if Plaintiff fails to timely file a notice of substitution, unless Plaintiff seeks and is granted an extension of time.

(3) If Plaintiff attempts to amend his Third Amended Complaint, the amended complaint must be filed on the court-approved form and retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(4) Defendant Thornell must answer the Third Amended Complaint. The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendant Thornell.

(5) Plaintiff must complete[3] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

---

[3] If a Defendant is an officer or employee of the Arizona Department of Corrections, Rehabilitation & Reentry, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections, Rehabilitation & Reentry unless

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Third Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(7) The United States Marshal must retain the Summons, a copy of the Third Amended Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(9) A Defendant who agrees to waive service of the Summons and Third Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(10) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Third Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service

---

the officer or employee works there.

must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11) Defendant Thornell must answer the Third Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Plaintiff's Motion for Clarification (Doc. 25) is **denied as moot**.

(13) Plaintiff's Motion to Waive or Modify Filing Fee Due to Financial Hardship (Doc. 28) is **denied**.

(14) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 4th day of November, 2026.

James A. Teilborg
Senior United States District Judge

TERMPSREF